UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANN CONWAY WORD,

      Plaintiff,               CIVIL ACTION NO. 08-CV-13883

vs.

                                    DISTRICT JUDGE MARIANNE O. BATTANI

PINES WINDOW AND SIDING,     MAGISTRATE JUDGE MONA K. MAJZOUB
PINES INVESTMENT COMPANY,
and LEE PINES,

      Defendants.
_____/

**OPINION AND ORDER DISMISSING WITHOUT PREJUDICE PLAINTIFF'S MOTION TO COMPEL DISCOVERY (DOCKET NO. 11) AND ALLOWING THIRTY DAYS FOR PARTIES TO SECURE COUNSEL**

      This matter comes before the Court on Plaintiff's Motion to Compel Discovery filed on January 8, 2009. (Docket no. 11). Defendant Lee Pines filed an Answer to Motion To Compel Discovery on January 20, 2009 and Defendant's Answer purported to be filed on behalf of all Defendants. (Docket no. 13). The Parties filed a Joint Statement of Resolved and Unresolved Issues on February 24, 2009 (docket no. 15) and Defendant Lee Pines filed Defendants' Statement of Resolved and Unresolved Issues on March 3, 2009, which again, purported to be on behalf of all Defendants. (Docket no. 16). All pre-trial matters were referred to the undersigned. (Docket no. 10). Plaintiff Word and Defendant Lee Pines appeared for hearing on this matter on March 18, 2009. The Court noticed a pre-trial conference to follow the hearing on March 18, 2009. (Docket no. 18).

At the hearing, Defendant Lee Pines stated that he intended to represent Pines Window and Siding and Pines Investment Company as well as himself. He stated that he is not an attorney. 28 U.S.C. § 1654 provides that "[i]n all courts of the United States the parties may plead and conduct their own cases personally, or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein." 28 U.S.C. § 1654. "The law is well-settled that a corporation may appear in federal courts only through licensed counsel and not through *pro se* representation of an officer, agent, or shareholder." *National Labor Relations Board v. Consol. Food Servs., Inc.*, 81 Fed. Appx. 13 n.1 (6th Cir. 2003) (citations omitted); *see also Evans v. Olson Power Sports, Inc.*, 2009 WL 367690 (E.D. Mich. Feb. 11, 2009) (unpublished) ("It has been the law for the better part of two centuries[, however,] ... that a corporation may appear in federal courts only through licensed counsel." Citations omitted.). "[W]hether an LLC is viewed as a corporation or a partnership or a hybrid, it may only appear in court through an attorney." *In re: ICLNDS Notes Acquisition, LLC*, 259 B.R. 289, 294 (Bkrtcy. N.D. Ohio 2001); *see also Ali v. Bowl*, No. 09-cv-10213, 2009 U.S. Dist. LEXIS 5124, at *4 (E.D. Mich. Jan. 26, 2009) (citing *In re: ICLNDS Notes Acquisition, LLC*); *Grill v. A-1 Amusement & Party Rental, Inc.*, 2007 U.S. Dist. LEXIS 52716, at *6 (E.D. Ky. July 20, 2007) ("'[C]orporations and non-incorporated organizations are artificial entities which exist only as legal fiction,' and 'cannot appear *pro se* in any Federal court litigation.'" Citations omitted.); *Wells Fargo Equip. Fin., Inc., d/b/a A.S.V. Capital v. Eagle 1 Tree Serv., LLC*, No. 08-cv-13142, 2008 U.S. Dist. LEXIS 70813 (E.D. Mich. Sept. 18, 2008).

Defendant Lee Pines testified that Pines Window and Siding is an L.L.C. that is no longer an operating concern and that Pines Investment Company is a Michigan Corporation. Although Defendant Lee Pines stated on the record that he is the sole owner of each entity, the Court finds that

Defendant Pines Window and Siding, L.L.C., and Defendant Pines Investment Company, a Michigan corporation, must be represented in this action by licensed counsel. They are legal entities apart from Lee Pines and the facts do not support a finding to the contrary. Therefore, the Court will allow the Defendant entities thirty days to retain counsel who will file an appearance in this matter on their behalf.

At the hearing, Plaintiff informed the Court that her husband would be handling the litigation, including the hearing, on her behalf. Plaintiff's husband was at the hearing. Plaintiff's position at the hearing was consistent with "Plaintiff's Addendum To Joint Statement of Resolved and Unresolved Discovery Issues" which states that Plaintiff has granted permission to her husband to conduct "this litigation" for her. (Docket no. 15). 28 U.S.C. § 1654 "precludes a non-attorney from representing another. That is, a plaintiff must either proceed pro se or be represented by a licensed attorney." *Hui Yu v. United States Dep't of Homeland Sec.*, 568 F. Supp. 2d 231, 234 (D. Conn. 2008)*; see also Lindstrom v. Illinois*, 632 F. Supp. 1535, 1538 (N.D. Ill., 1986). Plaintiff's husband is not a party to this action and Plaintiff testified that he is not an attorney. Plaintiff's husband cannot represent Plaintiff in this litigation. At the hearing Plaintiff stated that she does not wish to conduct this litigation herself and that she will hire an attorney to do so. The Court will allow Plaintiff thirty days to retain counsel who will file an appearance on her behalf.

In light of the Court's findings herein, the Court did not conduct the pretrial conference noticed for March 18, 2009. Because the parties had not yet engaged in a conference as required under Fed. R. Civ. P. 26(f) and the Court has not otherwise ordered discovery to proceed, Plaintiff's Motion to Compel Discovery (docket no. 11) is premature. Fed. R. Civ. P. 26(a)(1)(C). The Court will dismiss without prejudice Plaintiff's Motion to Compel Discovery. (Docket no. 11).

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Compel Discovery (docket no. 11) is DISMISSED without prejudice.

**IT IS FURTHER ORDERED** that Plaintiff Lee Conway Word, Defendant Pines Window and Siding and Defendant Pines Investment Co. will retain licensed counsel who will file an appearance on the party's respective behalf on or before April 20, 2009.

### NOTICE TO THE PARTIES

Pursuant to Fed. R. Civ. P. 72(a), the parties have a period of ten days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. 636(b)(1).

Dated: March 19, 2009     s/ Mona K. Majzoub
                          MONA K. MAJZOUB
                          UNITED STATES MAGISTRATE JUDGE

### PROOF OF SERVICE

I hereby certify that a copy of this Opinion and Order was served upon the parties Ann Conway Word and Lee Pines on this date.

Dated: March 19, 2009     s/ Lisa C. Bartlett
                          Courtroom Deputy